UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAURA ELKINS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-0480 (RMC) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

1. Plaintiffs Laura Elkins and John Robbins ("plaintiffs" or "owners") own the building and property at 20 9th Street, N.E., in the long-established Capitol Hill historic district ("the property"). Complaint ¶ 1.

2. In March of 2001, plaintiffs applied to DCRA for a building permit for, *inter alia*, a "Replacement roof." Defendants' Exhibit to their Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment ("DEx.") 1. The application indicated "no change" in the proposed number of stories of the building, *id*. at box 17, "no change" in the proposed gross floor area of the building, *id*. at box 45, and "no change" in the volume of the new building or addition, *id*. at box 60. *See* DEx. 2 at 169.

3. DCRA granted building permit no. B436647 to plaintiffs on April 27, 2001, for "Replacement Roof. Street Elevation: Replacement Fence. Alley Elevation: Install Garage Doors, Etc." The owners began constructing a second floor addition on top of the existing

structure, raising one side of the previously flat roof by ten and a half feet. Declaration of David

Maloney ("Maloney Decl.") (DEx. 4), dated January 2, 2003, at ¶ 7.

4.  On January 17, 2002, a Stop Work Order ("SWO") was issued by DCRA on the

property, for construction exceeding the scope of the permit. HPO staff met with the owner(s) on

January 18, and February 28, 2002, to request that the owners submit the project for review

before the HPRB. Maloney Decl. ¶ 9.

5.  By letter dated March 5, 2002, DCRA directed the owners to file a new building

permit application reflecting the actual scope of work being done at the property. Another SWO

was issued on March 5, 2002 for working outside the scope of the permits.

6.  On or about Mar. 18, 2002, an adjacent property owner, Robert Kim Stevens, sued

the District alleging, *inter alia*, that the District violated D.C. Law 2-144 by not properly

processing the proposed construction permit for historic preservation purposes. *Stevens v.

District of Columbia*, No. 02-1952 (Super. Ct.). Stevens also sought emergency injunctive relief

to enjoin the District from allowing any demolition, alteration, or construction on the property

until the project was reviewed by the Historic Preservation Review Board.

7.  The District issued a Notice of Violation ("NOV") on May 17, 2002, directing the

plaintiffs to submit new plans and another building permit application to the HPRB which

reflected the actual scope of the work done at the property.

8.  The property was placed on the agenda for the September 26, 2002, meeting of the

HPRB, at which time the owners, represented by counsel, testified. DEx. 2 at 153–221.

9.  HPO staff indicated that the owners' original plans and application "just simply

doesn't represent the extent of the project in an adequate fashion." DEx. 2 at 172. HPO staff

recommended certain modifications to the existing structure. *Id.* at 176, 180. HPO staff

recommended that the owners file a revised permit application, as indicated in the May 17, 2002, Notice of Violation. DEx. 2 at 181.

10. Plaintiff Robbins, at this HPRB meeting, admitted that the owners replaced the existing roof "at a slope," DEx. 2 at 187, and that they did not indicate on the application that they would be adding any volume to the existing building. *Id.* at 190. He also admitted that the owners did not submit a complete set of plans at the time they applied for the initial building permit. DEx. 2 at 200–201. The HPRB Chairman directed the owners to submit a complete application and plans for the construction that had occurred on the property, and to work with HPO staff. DEx. 2 at 212–15.

11. Plaintiffs have not submitted the requested permit application to HPRB. Maloney Decl. ¶ 9.

12. On November 13, 2002, a SWO was issued by DCRA based on the owners' failure to comply with the May 17, 2002, NOV. The owners appealed the November 13, 2002, SWO by letter dated November 22, 2002.

13. On December 17, 2002, Plaintiffs filed their complaint and motions for injunctive relief in *Robbins v. District of Columbia*, No. 02-10453 (D.C. Super. Ct.). The complaint sought a declaratory judgment that plaintiffs' building permits were valid and injunctive relief to prevent the District from taking further administrative action regarding the property.

14. After the hearing, the Honorable Bruce S. Mencher (again sitting as Judge-in-Chambers) denied plaintiffs' application for a TRO. DEx. 9 at 47–51.

15. By letter dated December 23, 2002, DCRA denied plaintiffs' appeal of the November 13, 2002, SWO, and informed them of their right to appeal the denial to the Board of Appeals

and Review ("BAR"). Plaintiffs subsequently appealed the November 13, 2002, SWO to the BAR.

16. Inspectors from DCRA and/or HPO attempted to inspect the property on March 4, 7, and 8, 2003. DEx. 10, "Statement of Facts" at 2. The inspectors were denied entry on these occasions, or told that no work was being performed. *Id.*

17. By letter dated March 10, 2003, DCRA requested that plaintiffs voluntarily provide access to the property. Declaration of Denzil Noble ("Noble Decl.") (copy attached as DEx. 11) dated May 22, 2003, at ¶ 4. Consent to the inspections was refused. *Id.*

18. The District applied for an administrative search warrant on March 26, 2003, and a judge of the Superior Court approved the application that same day. DEx. 10. At the time of the application, the District believed that plaintiffs were in violation of two SWOs and a NOV. *See* DEx. 10, "Statement of Facts" at 1–2.

19. The search warrant for inspection of the property was executed on March 27, 2003, by officers of the Metropolitan Police Department, Juan Scott, Denvert Boney (inspectors from DCRA), and instant defendant Toni V. Williams-Cherry. Noble Decl. ¶¶ 5–6. Ms. Cherry took photographs during the inspection. *Id.* ¶ 6.

20. The photographs taken during execution of the administrative search warrant show what appears to the District to be illegal construction, outside the scope of the building permits issued to plaintiffs. *Id.* ¶¶ 7–13.

21. After a telephone conference of July 3, 2003, with the BAR (re: *Robbins v. DCRA*, Dkt. No. 03-5961-BP), plaintiffs "completed the remaining work in their home requiring permits . . . ." *Id.* The BAR issued an Order dated July 9, 2003 (DEx. 13), which summarized that telephone conference, and declined to invalidate the SWO. *Id.* at 2.

22. Both parties in the Superior Court litigation filed dispositive motions and oppositions. That court, by Order dated July 17, 2003, denied plaintiffs' Motion for Summary Judgment.

23. The Superior Court, by Order dated August 1, 2003 ("August Order") (DEx. 15), also denied the District's Motion to Dismiss or, in the Alternative, for Summary Judgment, finding, *inter alia*, that the court had subject matter jurisdiction until "Defendants . . . seek permit revocation pursuant to [12 DCMR § 108.9.]" August Order at 3. The court further determined that if the District proposed to revoke plaintiffs' building permits, such an action would "trigger the contested case provisions of the [D.C. Administrative Procedure Act] thereby requiring Plaintiffs to exhaust their administrative remedies, followed by judicial review in the D.C. Court of Appeals." August Order at 3.

24. The Superior Court also held that *res judicata*, as asserted by plaintiffs, did not bar the District from challenging the validity of plaintiffs' construction, because the "District and [the owners] were both defendants in the [prior] litigation and neither party asserted any cross-claims against the other." *Id.* at 3, 5 (*citing Lowery v. Muse*, 151 A.2d 263, 265 (D.C. 1959)).

25. By letter dated December 17, 2003, DCRA proposed to revoke plaintiffs' "Building Permit Number B436647, issued to [plaintiffs] on April 27, 2001, and all subsequent approvals and revisions for Amended Permit Numbers B440371, B440544, B444341, B444561, B446508 that were issued for the premises known as 20 Ninth Street, N.E., Washington, D.C." (DEx. 16, at p. 1).

26. By order dated January 16, 2004, the BAR dismissed as moot plaintiffs' pending appeal there because of DCRA's proposed permit revocation.

27. On or about February 11, 2004, plaintiffs filed a Petition for Review in the D.C. Court of Appeals (DEx. 17), arguing that the BAR's dismissal of plaintiffs' appeal "deprived us of a merits decision" on the validity of the permits.

28. After oral argument on March 23, 2004, by Order dated March 26, 2004, the Superior Court dismissed plaintiffs' complaint there without prejudice, for the reasons stated in the District's Second Motion to Dismiss (*i.e.*, lack of subject matter jurisdiction and failure to exhaust administrative remedies). That order has since also been appealed to the D.C. Court of Appeals.

DATE: April 30, 2004                    Respectfully submitted,


                                        ROBERT J. SPAGNOLETTI
                                        Corporation Counsel, D.C.


                                        GEORGE C. VALENTINE
                                        Deputy Corporation Counsel, D.C.
                                        Civil Litigation Division



                                        RICHARD S. LOVE, D.C. Bar No. 340455
                                        Chief, Equity I
                                        441 Fourth Street, N.W., 6th Floor South
                                        Washington, D.C. 20001
                                        Telephone: (202) 724-6635
                                        Facsimile: (202) 727-0431



                                        ANDREW J. SAINDON, D.C. Bar No. 456987
                                        Assistant Corporation Counsel
                                        Equity 1
                                        441 Fourth Street, N.W., 6th Floor South
                                        Washington, D.C. 20001
                                        Telephone: (202) 724-6643
                                        Facsimile: (202) 727-0431