UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAURA ELKINS, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-0480 (RMC) |
| DISTRICT OF COLUMBIA, *et al*., | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANT J. GREGORY LOVE'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(b), Defendant J. Gregory Love hereby moves this Honorable Court for summary judgment on the Complaint.

The grounds and the reasons are set forth more fully in the accompanying Memorandum of Points and Authorities and proposed Order. As required by LCvR 56.1, a Statement of Material Facts As to Which There is No Genuine Issue has been provided.

For the reasons discussed below, the Court should grant this motion because defendant Love's employment with the District of Columbia ended months before the disputed execution of the administrative search warrant, hence as a matter of law he cannot be held liable for the single remaining claim here.

DATE: May 5, 2008         PETER J. NICKLES
                          Interim Attorney General for the District of Columbia

                          GEORGE C. VALENTINE
                          Deputy Attorney General, Civil Litigation Division

                              /s/ Ellen A. Efros
                          ELLEN A. EFROS, D.C. Bar No. 250746
                          Chief, Equity Section I

441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886

           /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity Section I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
E-mail: andy.saindon@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURA ELKINS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 04-0480 (RMC) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
DEFENDANT J. GREGORY LOVE'S MOTION FOR SUMMARY JUDGMENT

Defendant J. Gregory Love, pursuant to Fed. R. Civ. P. 12(b)(6) and 56(b), has moved this Court for summary judgment. This memorandum of points and authorities is provided in support of defendant Love's dispositive motion in accordance with LCvR 7.1(a). As required by LCvR 56.1, a Statement of Material Facts As to Which There is No Genuine Issue ("SMF") has been provided.

I. Introduction and Summary of Argument

The Court should grant summary judgment to defendant Love, who left District government employment months before the incidents underlying the remaining claim here, hence he cannot—as a matter of law—be found liable.

II. Factual and Procedural Background

The complicated factual background here has been extensively recounted in the District's previous filings, and will not be repeated here except where relevant.

Plaintiffs allege, *inter alia*, that the defendants violated plaintiffs' rights under the Fourth Amendment when the District executed an administrative search warrant on March 27, 2003, at their property. Complaint ¶ 30; Statement of Material Facts ("SMF") ¶ 1.

On December 12, 2007, the Court granted summary judgment to the defendants on the majority of plaintiffs' claims. SMF ¶ 2. Referencing the administrative proceedings, the Court noted that "After an evidentiary hearing on the issue, the Hearing Officer held that the search was reasonable as it was based on probable cause, but that the seizure of documents was not reasonable." Mem. Op. at 11. The Court further found "Because the warrant did not specify any documents to be seized, the seizure of the documents was outside the scope of the warrant and in violation of Plaintiffs' Fourth Amendment rights. " *Id*.

"Defendants are correct that Plaintiffs are collaterally estopped from asserting liability based on the alleged unreasonable search, as that matter was litigated and decided in Defendants' favor. Having established liability on the Fourth Amendment claim, Plaintiffs still must prove damages." *Id*. at 12.

The Order accompanying the Court's memorandum opinion stated "The only claim remaining in this case is Plaintiffs' Fourth Amendment claim based on Defendants' seizure of documents, seeking compensatory damages against the District and compensatory and punitive damages against the individual defendants." Order, at 1 n.1; SMF ¶ 3.

The parties then proceeded to engage in discovery. Discovery eventually revealed that defendant Love left the District government in November 2002, and was not involved in any decisions regarding the disputed search. Declaration of J. Gregory Love, dated May 5, 2008 ("Love Decl."), ¶¶ 5, 8; SMF ¶ 4. *See also* Defendant J. Gregory Love's Responses To Plaintiffs'

First Set Of Interrogatories, First Request for the Production of Documents, and First Requests for Admission (copies attached).

### III. Argument

Defendant Love had no involvement in the decision to seek the administrative search warrant here, had no involvement in the process to obtain the warrant, and had no involvement in the execution of the warrant.

Defendant Love left District government in November, 2002, some four months before the warrant was obtained. Love Decl. ¶ 5. Discovery shows that Mr. Love had no involvement in any actions implicated in plaintiffs' single remaining claim, *id*. ¶ 8, hence summary judgment should be granted to him at this time.[1]

While a court "must assume the truth of all statements proferred by the party opposing summary judgment," it need not consider wholly conclusory statements for which no supporting evidence is offered. *Greene v. Dalton*, 164 F.3d 671, 674–75 (D.C. Cir. 1999).

It is insufficient, to avoid summary judgment, that some factual issues remain in the case; an issue must be both *genuine* and *material* to preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "complete failure of proof concerning an essential element of

---

[1] The District brings the instant motion now to attempt to spare Mr. Love the undue burden of responding to plaintiffs' demand for intrusive and irrelevant discovery on the defendants' private financial information. If the Court grants the instant motion, such discovery will be unnecessary.

the non-moving party's case necessarily renders other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Defendant Love left District employment in November of 2002. The administrative search warrant was executed on March 27, 2003, more than four months later. Hence defendant Love had no involvement at all in the decision to obtain the warrant, the execution of that warrant, or any decisions as to the document seized during the search. SMF ¶ 4. There is no evidence indicating otherwise.

It is axiomatic that a tort claim—even a constitutional tort claim—requires, at the least, a showing of causation. *See, e.g., City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988) (at a minimum, to succeed under 42 U.S.C. § 1983, a plaintiff must satisfy "the causation requirement set out on the face of" that statute); *Warth v. Seldin*, 422 U.S. 490, 509 (1975) (to succeed on a claim under 42 U.S.C. § 1983, there must be, *inter alia*, a "line of causation" between the defendant's actions and the asserted injuries). *See also Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, (D.C. Cir. 2005) ("The 'irreducible constitutional minimum of standing' requires that [plaintiff] demonstrate that he has suffered an injury in fact, [and] that there is a causal connection between the injury and the conduct complained of . . . .") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Plaintiffs cannot show causation between any action of defendant Love and their alleged injuries.

## IV. Conclusion

For the foregoing reasons, defendant Love moves for summary judgment. A proposed Order is attached hereto.

-5-

DATE: May 5, 2008			PETER J. NICKLES
					Interim Attorney General for the District of Columbia

					GEORGE C. VALENTINE
					Deputy Attorney General, Civil Litigation Division

					_____/s/ Ellen A. Efros_____
					ELLEN A. EFROS, D.C. Bar No. 250746
					Chief, Equity Section I
					441 Fourth Street, N.W., 6th Floor South
					Washington, D.C. 20001
					Telephone: (202) 442-9886

					_____/s/ Andrew J. Saindon_____
					ANDREW J. SAINDON, D.C. Bar No. 456987
					Assistant Attorney General
					Equity Section I
					441 Fourth Street, N.W., 6th Floor South
					Washington, D.C. 20001
					Telephone: (202) 724-6643
					Facsimile: (202) 727-0431
					E-mail: andy.saindon@dc.gov