# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAURA ELKINS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-480 (RMC) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

This case concerns the seizure of documents at the home of Laura Elkins and John

Robbins pursuant to an administrative search warrant that authorized only a search of the home.  The

parties have litigated the legality of both the search and the seizure of documents since 2004, and the

Court has held that the search was valid, but that Plaintiffs' Fourth Amendment rights were violated

due to the unreasonable seizure of documents.  Further, the Court has dismissed the case against

David Maloney, supervisor of the officer who seized the documents, due to Plaintiffs' failure to point

to any evidence of Mr. Maloney's personal involvement.  Trial is scheduled for April to determine

whether Plaintiffs are entitled to compensatory and/or punitive damages.  Plaintiffs seek

reconsideration of Court rulings made months and even years ago, and in the alternative, they seek

certification of these issues for interlocutory review.  *See* Pls.' Mot. for Recons. [Dkt. # 103].  The

motion will be denied.

## I. FACTS

Plaintiffs obtained building permits and approvals from the D.C. Historic Preservation

Office and the Building and Land Regulation Administration of the D.C. Department of Consumer and Regulatory Affairs ("DCRA") for construction at their historic home on Capitol Hill.  After construction began, city officials believed that Plaintiffs were building in violation of their permits, and they obtained a warrant to conduct a search of Plaintiffs' home in order to find evidence of illegal construction.  The officers inspected the residence and took photos.  Also, although the warrant did not authorize it, officials seized certain documents during the search.

Groh v. Ramirez, 540 U.S. 551, 559 (2004). The legality of both the search and seizure were litigated before the D.C. Office of Administrative Hearings ("OAH").  On November 22, 2005, the Hearing Officer found that while the search was valid, the seizure of documents was not constitutionally permissible because it was not expressly authorized by the search warrant, citing *Groh v. Ramirez*, 540 U.S. 551, 559 (2004). *See* Pls.' Mot. for Partial Summ. J. [Dkt. # 22], Ex. 21 ("OAH Order on Mot. to Suppress") at 13-16 & 21.  In 2007, this Court held that collateral estoppel precluded the relitigation of these issues and thus that Plaintiffs' Fourth Amendment rights were violated due to the unreasonable seizure of documents. *See Elkins v. District of Columbia*, 527 F. Supp. 2d 36, 46 (D.D.C. 2007) ("*Elkins I*").

Subsequently, the Court determined that Plaintiffs are entitled to recover nominal damages for the unconstitutional seizure and at trial they might recover compensatory and/or punitive damages caused by the document seizure alone. *Elkins v. District of Columbia*, 610 F. Supp. 2d 52, 63-64 (D.D.C. 2009) ("*Elkins II*").  The Court clarified in a later opinion that "Plaintiffs may not proceed on any claim for damages caused by actions other than the seizure alone, for example, on any claim for damages caused by the search of their home including the entering of children's rooms and the opening of drawers, damages caused by the permit revocation proceeding, damages caused by the April 24, 2002 stop-work order, or damages caused by any other stop-work

order." *Elkins v. District of Columbia*, 636 F. Supp. 29, 32 (D.D.C. 2009) ("*Elkins III*").  In *Elkins III*, the Court also granted summary judgment in favor of Mr. Maloney due to Plaintiffs' failure to present any evidence that Mr. Maloney was involved in the illegal seizure.  *Id.* at 34.

Plaintiffs request reconsideration of the Court's decision to apply collateral estoppel in *Elkins I* and its decision to dismiss Mr. Maloney in *Elkins III*.  Defendants oppose.

## II. ANALYSIS

Because the rulings that Plaintiffs request be reconsidered are interlocutory and not final, Federal Rule of Civil Procedure 54(b) applies.  *See Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005).  Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Revision may be permitted when the Court has "'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'"  *Singh*, 383 F. Supp. 2d at 101 (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)).  The burden is on the movant to show that some harm would accompany a denial of the motion to reconsider.  "In order for justice to require reconsideration, logically, it must be the case that, some sort of 'injustice' will result if reconsideration is refused.  That is, the movant must demonstrate that some harm, legal or at least tangible, would flow from a denial of reconsideration."  *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005).  Further, a district court's discretion to reconsider a non-final ruling is "subject to caveat that where litigants have once

battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh*, 383 F. Supp. 2d at 101; *see also Michilin Prosperity Co. v. Fellowes Mfg. Co.,* Civ. No. 04-1025, 2006 WL 3208668, at *1 n.1  (D.D.C. Nov. 7, 2006) (rehashed arguments provide no justification for reconsideration).

## A.  Collateral Estoppel and Validity of the Search Warrant

Plaintiffs raise a legal theory in their motion for reconsideration that they did not raise before — they contend that the Court should not have applied collateral estoppel in *Elkins I* because the underlying decision of the Hearing Officer was patently erroneous.  *See Winder v. Erste*, 511 F. Supp. 2d 160, 176 (D.D.C.  2007) (refusing to apply collateral estoppel due to manifest error in underlying administrative proceeding), *aff'd in part and rev'd in part on other grounds*, 566 F.3d 209 (D.C. Cir. 2009).  The Hearing Officer found that while the search was conducted pursuant to a warrant based on probable cause, the seizure of documents was not constitutionally permissible because the seizure was not expressly authorized by the warrant, citing *Groh v. Ramirez*, 540 U.S. 551, 558 (2004).  Under *Groh*, a search warrant's lack of particularity regarding the items to be seized caused the Supreme Court to find that the warrant was invalid in its entirety.  *Id*.  Plaintiffs argue that the warrant at issue here should have been found to be similarly invalid, and thus Plaintiff should be permitted to pursue damages caused by the search of their home.

In *Groh*, a Bureau of Alcohol, Tobacco, and Firearms agent applied for a search warrant indicating that he believed that various automatic weapons and explosive devices existed on the Ramirez ranch.  The agent presented the application with a detailed affidavit and a form warrant to a magistrate, and the magistrate signed the warrant form.  The problem was that in the part of the warrant form that asked for a description of the person or property to be seized, the agent typed

in a description of the house and not a description of the firearms.   The warrant described the property to be seized as a "single dwelling residence . . . blue in color," and it did not incorporate by reference the itemized list of firearms that was part of the warrant application.   The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."   U.S. Const. Amd. IV; *see Michigan v. Clifford*, 464 U.S. 287, 294-98 (1984) (the object of the search determines the type of warrant required and the scope of the permissible search).   In light of the Fourth Amendment's unambiguous requirement that a warrant must describe the "things to be seized" with particularity, the Supreme Court in *Groh* found that the warrant that failed to describe any item to be seized was so "obviously deficient that [the Court] must regard the search as 'warrantless.'"   *Id*. at 559.

Plaintiffs argue that the search warrant here, like the one in *Groh*, did not describe the items to be seized at all and thus that the warrant was so lacking in particularity that the Hearing Officer should have found that the warrant was invalid.   Plaintiffs overstate *Groh*'s limited application to this case.   In *Groh*, the officers were investigating firearms violations but they failed to obtain a warrant to search for and seize firearms.   Instead, they conducted a search pursuant to a warrant that did not authorize the seizure of anything other than the house where the items were located.   In the instant matter, the officers were investigating construction code violations, but they failed to obtain a warrant that permitted the seizure of relevant documents, such as blue prints and construction invoices.   However, the warrant did accurately describe Plaintiffs' home by its street address and it did expressly authorize the search for construction code violations.   Such code violations could be discovered by viewing the property inside and outside.   The officers inspected

the home and took photos of the construction as permitted by the terms of the warrant.

More specifically, Denzil Noble, then Acting Administrator of the Building and Land Use Administration of the DCRA, applied for a warrant to search Plaintiffs' home for evidence of construction code violations. A judge of the D.C. Superior Court found probable cause and issued a warrant. The warrant stated that the DCRA had "probable cause to believe that on the . . . premises . . . known as 20 9th Street, N.E. Wash[ington] D.C. . . . , there is now being concealed certain property, namely unlicenced construction work" and the warrant authorized a search for the same. Defs.' Mot. to Dismiss [Dkt. # 7], Ex. 10 (Search Warrant). Because the warrant specifically referenced the subject property and because the purpose of the warrant was to search for construction code violations, the warrant was sufficiently specific to cover an inspection of the property and the taking of photos. The Hearing Officer found that the warrant was based on probable cause, suppressed the items seized during the inspection, and refused to suppress the photos and testimony regarding the inspection:

> I must suppress the admission of all items seized by the Government during its inspection. I am excluding the following items listed in the warrant return: electrical approvals, plumbing approvals/permits; construction approval permits; assorted documents including receipts and contract documents; assorted invoices; the notebook; and estimates.
>
> Because the warrant validly authorized the search of the premises, I am not suppressing the following evidence: testimony of officials as to their observations of the interior areas of the Property; reports regarding such observations; and photographs taken by officials of the interior areas of the Property. To the extent that such evidence also refers to the items illegally seized from the Property, the evidence shall be redacted before it can be admitted.

OAH Order on Mot. to Suppress at 21.

By suppressing the documents seized but not the testimony of the inspectors or the photographs, the Hearing Officer followed the doctrine of severability, separately considering evidence obtained from the illegal seizure versus the valid search. "In accordance with the purposes underlying the warrant requirement and the exclusionary rule, every federal court to consider the issue has adopted the doctrine of severance, whereby valid portions of a warrant are severed from the invalid portions and only materials seized under the authority of the valid portions, or lawfully seized while executing the valid portions, are admissible." *United States v. Sells*, 463 F.3d 1148, 1154-55 (10th Cir. 2006); *see also id.* at n.1 (all federal circuits follow the doctrine of severability, though courts refer to it by different terms — severability, severance, redaction, or partial suppression) (citing *In re Search Warrant Dated July 4, 1977*, 667 F.2d 117, 133 (D.C. Cir. 1981), *abrogated on other grounds*, *Horton v. California*, 696 U.S. 128 (1990)).

In sum, Plaintiffs' argument — that the warrant for the search of their home was entirely invalid due to its lack of particularity regarding items to be seized — fails. *Groh* was decided on facts readily distinguishable from those underlying this case. And, the doctrine of severability permits the remainder of the warrant, the part authorizing the search, to survive.

In addition to arguing that the OAH decision on the motion to suppress was manifestly erroneous, Plaintiffs also argue that the OAH decision was an incidental evidentiary ruling unnecessary to the administrative decision on the merits and thus not entitled to preclusive effect. *See Tutt v. Doby*, 459 F.2d 1195,1197 (D.C. Cir. 1972) (holding that a finding of the precise amount of rent past due was not entitled to collateral estoppel effect because the prior proceeding centered on the issue of eviction and the issue of the amount of rent was not actually before the court and was not "necessarily" decided). This argument is disingenuous. Plaintiffs specifically raised

the issue of the constitutionality of the search and seizure by moving to suppress evidence in the OAH proceedings, and the OAH issued a 24 page decision on the motion.  *See* OAH Order on Mot. to Suppress.  That decision designated what evidence the Hearing Officer could and could not rely upon in deciding whether to grant the District's petition to revoke Plaintiffs' building permits.  The OAH decision on Plaintiffs' motion to suppress was necessarily decided and it was critical to the OAH decision on the merits.  It cannot be characterized as merely "incidental."

Because there was no manifest error in the underlying OAH decision and the decision is entitled to preclusive effect, the Court will deny Plaintiffs' motion to reconsider the application of collateral estoppel in *Elkins I*.  Plaintiffs have not demonstrated that the Court patently misunderstood a party, made a decision outside the adversarial issues presented, or made an error of apprehension; nor have Plaintiffs pointed to a controlling or significant change in the law or facts.  *See Singh*, 383 F. Supp. 2d at 101.  Plaintiffs' request for reconsideration will be denied.

In the alternative, Plaintiffs seek an interlocutory appeal of the Court's application of *Groh* and the doctrine of severability to this case.  A district court has discretion to certify a non-final order for interlocutory review under 28 U.S.C. § 1292(b) when the court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  A controlling question of law "is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources."  *Judicial Watch Inc. v Nat'l Energy Policy Dev. Grp.*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002).  Courts permit interlocutory appeals infrequently.  *Graham v. Mukasey*, 608 F. Supp. 2d 56, 57 (D.D.C. 2009).  A party requesting certification for interlocutory

review "must meet a high standard to overcome the strong congressional policy against piecemeal review, and against obstructing or impeding an ongoing judicial proceeding." *Id*. "The movant must show that exceptional circumstances justify a departure from the traditional structure of litigation where appellate review is postponed until after the entry of final judgment." *Id*. Plaintiffs have failed to show exceptional circumstances that would justify an interlocutory appeal. The controlling law as discussed above does not raise a substantial ground for difference of opinion and thus is inappropriate for interlocutory review.

### B. Summary Judgment in Favor of Mr. Maloney

Plaintiffs also move to have Mr. Maloney reinstated as a defendant in this case. In *Elkins III*, the Court dismissed Mr. Maloney on summary judgment. *See Elkins III*, 636 F. Supp. 2d at 33-34. The Court explained that a plaintiff in a § 1983 action can maintain a cause of action against an official in his official capacity only if the official was personally involved in the decisions affecting the plaintiff's constitutional rights. *Id.* (citing *Brown v. District of Columbia*, 514 F.3d 1279, 1285 (D.C. Cir. 2008)). The Court described the law as follows:

> Public officials are not vicariously liable for the actions of their subordinates; respondeat superior liability does not apply in § 1983 cases. *Haynesworth v. Miller*, 820 F.2d 1245, 1259 (D.C. Cir. 1987). To implicate supervisory liability under § 1983, a plaintiff must establish a high degree of fault. *Id*. at 1261. Mere negligence is not enough. *Int'l Action Ctr. v. United States*, 365 F.3d 20, 28 (D.C. Cir. 2004). "A supervisor who merely fails to detect and prevent a subordinate's misconduct, therefore, cannot be liable for that misconduct." *Id*. The supervisor must know about the conduct and facilitate, approve, or condone it, or "turn a blind eye for fear of what he might see." *Id*.

*Elkins III*, 636 F. Supp. 2d at 33.

Plaintiffs argued that Mr. Maloney was personally involved in the violation of their

Fourth Amendment rights, and as evidence of such personal involvement, they pointed to a conversation Mr. Maloney had with counsel for the District regarding the search warrant.  Counsel "wanted to make sure that [the search warrant] was properly executed in order to cover the seizure of documents."  Pls.' Opp'n to Defs.' Mot. for Summ. J. [Dkt. # 80], Ex. 3 (Maloney Dep. at 41). When asked, "What was your understanding as to why [counsel for the District of Columbia] wanted to have a seizure of documents?"  Mr. Maloney responded, "I assumed I guess that it was part of the point of having the search."  *Id.*, Ex. 3 (Maloney Dep. at 42).  The Court determined that this was insufficient to overcome Defendants' motion for summary judgment.  *See Elkins III*, 636 F. Supp. 2d at 34 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)).

Plaintiffs make the very same arguments in their motion to reconsider that they asserted previously:

> Given Maloney's expressed desire to revoke the Elkins-Robbins' building permit, his consultation with District lawyers about obtaining a warrant to search for and seize documents, his sending his subordinate, Defendant Cherry, to the Elkins-Robbins' home for the search and seizure,[1] and his participation in the subsequent revocation action based in large part on the seized documents, a jury could reasonably infer that Maloney caused, acquiesced in, and assisted in the deprivation of Elkins-Robbins' Fourth Amendment Rights.

Pls.' Mot. to Reconsider [Dkt. # 103] at 26-27.  The Court already determined that Mr. Maloney's deposition testimony alone was insufficient to support the allegation that Mr. Maloney was personally involved in the seizure of documents without a warrant.  *Elkins III*, 636 F. Supp. 2d at 34. Further, as the Court previously explained:

> It is not relevant to Plaintiffs' claim (for damages caused by the seizure) that Mr. Maloney sought to stop work on Plaintiffs' property

---

[1] There is no evidence that Mr. Maloney personally sent Officer Cherry to conduct the search.

> or that he sought to revoke Plaintiffs' building permits.  And while
> Mr. Maloney supervised Ms. Cherry who participated actively in the
> seizure of the documents, a mere allegation of a supervisory role is
> insufficient to impose liability on Mr. Maloney.  *See Int'l Action Ctr.*,
> 365 F.3d at 28.

*Elkins III*, 636 F. Supp. 2d at 34.  Plaintiffs' reiteration of arguments already made and ruled upon

does not constitute an adequate basis for reconsideration.  *See Singh*, 383 F. Supp. 2d at 101.  Again,

because Plaintiffs' have failed to present any evidence that Mr. Maloney was personally involved

in the unconstitutional seizure, Mr. Maloney was properly dismissed as a defendant in this case.

In the alternative, Plaintiffs move for entry of final judgment as to Mr. Maloney and

for a stay of the remainder of the case in order to permit them to appeal the judgment as to Mr.

Maloney.  The Court will deny the request for entry of a final judgment and for a stay.  Under Rule

54(b), a court may direct entry of final judgment as to one party if "there is no just reason for delay."

Fed. R. Civ. P. 54(b).  In determining whether there is no just reason for delay, a court should

exercise its discretion in determining when each final decision is ready for appeal and should

consider administrative interests such as whether the claims under review are truly separable from

the others remaining to be adjudicated such that the appellate court would not have to decide the

same issues more than once.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).  Federal

policy disfavors piecemeal litigation.  *Id*.  The claims against Mr. Maloney are not separable from

those remaining to be litigated; the claims against Mr. Maloney are identical to the claims against

the other Defendants in this case.  Thus, the Court denies Plaintiffs' request for a Rule 54(b) entry

of final judgment.[2]

---

[2] Nor is the dismissal of Mr. Maloney a proper issue for an interlocutory appeal under 28
U.S.C. § 1292(b), which permits certification for appeal of a controlling question of law.  A question
of law is an "abstract legal issue or what might be called one of 'pure' law, matters the court of

## III.  CONCLUSION

For the reasons explained above, Plaintiffs' Motion for Reconsideration [Dkt. # 103]

will be denied.  A memorializing Order accompanies this Memorandum Opinion.


Date: February 12, 2010                          _____/s/_____
                                                 ROSEMARY M. COLLYER
                                                 United States District Judge

---

appeals 'can decide quickly and cleanly without having to study the record.'" *McFarlin v. Conseco Servs*., 381 F.3d 1251, 1258 (11th Cir. 2004) (quoting *Ahrenholz v. Bd. of Trustees*, 219 F.2d 674, 676 (7th Cir. 2000).  The Court dismissed Mr. Maloney because Plaintiffs failed to present any evidence of Mr. Maloney's personal involvement in the constitutional violation at issue.  Plaintiffs do not seek to challenge the Court's decision as a matter of law.